IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CARL STANLEY TURNER                                                                         PLAINTIFF
ADC # 081306

v.                                          5:15CV00167-JJV

SHERI J. FLYNN, Supervisor,
Sex Offender Assessment Committee                                                           DEFENDANT

## MEMORANDUM AND ORDER

Carl Stanley Turner ("Plaintiff") brought this section 1983 action alleging Defendant Sheri Flynn had violated his due process rights. (Doc. No. 2 at 5.) Now, Defendant Flynn has moved to dismiss this action (Doc. No. 30), arguing Plaintiff's official capacity claims are barred by sovereign immunity and all of his claims are barred by the statute of limitations. Plaintiff has responded (Doc. No. 33) and the Motion is ripe for disposition.

**II.      STANDARD OF REVIEW**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). If as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one. *Id.* at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *see O'Neal v. State Farm Fire & Cas. Co.*, 630 F.3d 1075, 1077 (8th Cir. 2011).

When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Erickson v. Pardus*, 551 U.S. 89, 93-

94 (2007); *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001). The court reads the complaint as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

**III.    ANALYSIS**

Defendant Flynn argues the incident[1] giving rise to this action occurred in 2008 and is barred by the statute of limitations. In a section 1983 action, the statute of limitations tracks the personal injury statute of limitations of the state where the claim arose. *Mountain Home Flight Serv., Inc. v. Baxter Cnty., Ark.*, 758 F.3d 1038, 1044 (8th Cir. 2014). In Arkansas, the relevant statute of limitations is three years. Ark. Code Ann. § 16-56-105. This action was filed on May 26, 2015, and any claims relating to incidents occurring in 2008 are barred. Plaintiff has not offered any countervailing argument in his Response. Instead, he reiterates his argument as to why he has been misclassified as a sex offender. (Doc. No. 33.) Those arguments are moot in the face of an expired statute of limitations.

Defendant's second argument – that official capacity claims against her are barred by sovereign immunity – is also persuasive,[2] but I need not reach it. I find this action be dismissed as barred by the statute of limitations. I also find it counts as a "strike"[3] within the meaning of the

---

[1]The parties had an argument during an interview in 2008 about whether Plaintiff's sentence fell under Act 989 of 1997. (Doc. No. 2 at 5; Doc. No. 31 at 1-2.) Plaintiff alleged Defendant Flynn was lying about his sentence and, as a consequence, was charged with a major disciplinary violation. (Doc. No. 2 at 5-6; Doc. No. 31 at 2.)

[2]It is undisputed Defendant Flynn is a state official and, as such, official capacity claims against her are equivalent to claims against the state itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). It necessarily follows that official capacity claims for damages against state employees are barred by the Eleventh Amendment. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).

[3]Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the

Prison Litigation Reform Act.  *See Jones-El v. Lombardi*, 2013 U.S. Dist. LEXIS 54620 (E.D. Mo. Apr. 17, 2013) (holding that "claims dismissed for statute of limitations grounds . . . also count as a "strike" under § 1915(g)."); *see also Snider v. Melindez*, 199 F.3d 108, 111 (2nd Cir. 1999) ("the apparent purposes of Section 1997e(c)(2) and of the three strikes provision of Section 1915(g) strongly imply that the dismissal contemplated in these provisions is one that finally terminates the action because of a determination that it ultimately cannot succeed."). Finally, I find the dismissal of this action be with prejudice.  *See Botten v. Shorma*, 440 F.3d 979, 980-81 (8th Cir. 2006) (affirming with prejudice dismissal of complaint on statute of limitations grounds).

IV. **CONCLUSION**

    IT IS, THEREFORE, ORDERED that:

1. Defendant's Motion to Dismiss (Doc. No. 30) is GRANTED.

2. Plaintiff's Complaint (Doc. No. 2) is DISMISSED with prejudice.

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

This 16th day of February, 2016.

                                                                                                                   JOE J. VOLPE
                                                                                                                    UNITED STATES MAGISTRATE JUDGE

---

United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."